**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

No. 16-4233
_____

UNITED STATES OF AMERICA

v.

ALBERT CASTRO,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.:  1-06-cr-00304-001)
District Judge:  Honorable William W. Caldwell

_____

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2017

Before:  GREENAWAY, JR., SHWARTZ, and RENDELL, <u>Circuit Judges</u>

(Opinion filed: July 26, 2017)

_____

O P I N I O N[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, <u>Circuit Judge</u>

Defendant Albert Castro was sentenced by the District Court to 11 months in prison after he pleaded guilty to violating the terms of his supervised release. Castro appealed the District Court's judgment. Castro's court-appointed attorney has submitted an *Anders* brief and a motion to withdraw. After reviewing the brief, we affirm the judgment of the District Court and grant counsel's motion to withdraw.

## I. Facts

In 2007, Albert Castro was found guilty of several firearms offenses and was sentenced to 126 months in prison and 36 months of supervised release. After serving his prison sentence, Castro violated the terms of his supervised release. In August 2016, Castro pleaded guilty to violating the terms of his supervised release and was sentenced to three months' imprisonment and two years of supervised release.

After he was released from prison the second time, Castro again violated the terms of his supervised release. He pleaded guilty to the offense. The District Court sentenced Castro to eleven months in prison.

## II. Discussion

*Anders v. California*, 386 U.S. 738 (1967) and our precedent necessitate that counsel fulfill the requirements of Local Appellate Rule 109.2 in order for us to grant the motion to withdraw. Those requirements are that (1) counsel thoroughly examines the record in search of appealable issues and (2) explains why the issues are frivolous. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Additionally, the Court's independent review of the record must also show no nonfrivolous issues. *Id*. "Where the

*Anders* brief initially appears adequate on its face, the proper course is for the appellate court to be guided in reviewing the record by the *Anders* brief itself." *Id.* at 301 (internal quotation marks and citation omitted).

Thus, we first must address whether counsel's brief adequately fulfills *Anders*'s requirements. We find that it does. Counsel raises three appealable arguments, but finds that each is frivolous.[1] First, counsel notes that there is no basis to argue that the District Court lacked jurisdiction to find a supervised release violation and impose a sentence. Federal district courts have jurisdiction over all offenses against the laws of the United States based on 18 U.S.C. §3231 and district courts also have authority to revoke a term of supervised release under 18 U.S.C. §3583(e)(3). Therefore, a jurisdictional argument is frivolous.

Second, counsel notes that there is no basis to argue that Castro's admission of guilt was invalid. Under *Brady v. United States*, 397 U.S. 742, 747 (1970), guilty pleas are valid if both "voluntary" and "intelligent." (internal quotation marks and citation omitted). Castro's plea was both voluntary and intelligent. Castro took, in his own words, "full responsibility" for violating the terms of his supervised release. Castro never asserted that the Court did not comply with due process requirements. He was represented by a federal public defender and was afforded a revocation hearing. Because his plea was both voluntary and intelligent, he cannot challenge its validity.

---

[1] When, as here, a guilty plea is entered and accepted, but the defendant seeks to appeal, there are ordinarily three potential issues for appeal: whether the underlying plea was both counseled and voluntary, whether the District Court had jurisdiction, and the legality of the sentence. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Counsel raises precisely these three issues.

3

Finally, counsel notes that there is no basis to argue that the eleven-month sentence was illegal or unreasonable. On appellate review our responsibility is to "ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Tomko*, 562 F.3d 558, 566 (3d Cir. 2009) (en banc) (internal quotation marks and citation omitted). Castro's sentence was substantively reasonable, and imposed in a procedurally fair way: the supervised release violations were Grade C violations, resulting in a five- to eleven-month prison term. The sentence fell within the five- to eleven-month range, and there is no basis to argue that the sentence was unreasonable or imposed in a procedurally unfair way.[2]

**III. Conclusion**

For the reasons above, we grant counsel's motion to withdraw and affirm the District Court's judgment.

---

[2] The District Court noted that it considered Castro's background and propensity to violate his terms of supervised release. The Court gave clear insight in the record as to why it chose to apply the maximum sentence within the guidelines:

> I thought I gave Mr. Castro a pretty good break when he was here in August. That's just a couple months ago. . . . Given his history and the background and his criminal record, it seems to me that the Government is justified in asking for a sentence at the top of the range. I agree that supervised release is not realistic, and I will not impose any further supervision.

App. 52-53.